HEIRS OF JOSÉ S. MANDÉS CINTRÓN, Plaintiffs and Appellants-Appellees, *v.* HEIRS OF ALFONSO G. AGÜERO VÁZQUEZ, ETC., Defendants and Appellees-Appellants.

No. 5090. Argued April 30, 1930.—Decided July 22, 1931.

*Tous Soto & Zapater* for plaintiffs-appellants. *R. Rivera Zayas* and *A. L. López* for defendants-appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

In this case, on the 15th of August, 1928, the District Court of San Juan rendered judgment dismissing the complaint, as it thought the plaintiffs were not entitled to recover certain property awarded to the defendants in a mortgage proceeding. Upon the hearing of a motion for reconsideration the court held the plaintiffs were entitled to two of the eight pieces of property, as they were not included in the mortgage proceedings. No question of the nullity of the mortgage proceeding on this ground was involved. The plaintiffs appealed on the theory that they were entitled to recover all of the eight pieces of property. The defendants appealed, assigning as error the award to the plaintiffs of

any part of the land. We shall designate the parties as they were known in the court below.

Mandés bought property of various persons. He executed a mortgage on some of them. In a mortgage proceeding the creditors, Passalacqua Brothers & Co., bid in the mortgaged property, supposed to include eight lots. The acquired property was, in 1911, sold to Adelina Capó Núñez in representation of herself and her minor children. Subsequently the sale had to be and was ratified by the successors of Passalacqua Brothers & Co. The ratification was made because when the deed for the property was executed the said firm had been dissolved.

The plaintiffs, widow and heirs of Mandés, attack the mortgage proceeding on two grounds, namely, in order of importance, that one of the heirs of Mandés was not made a party, and that at the time of the mortgage sale Passalacqua Brothers & Co. was not the owner of the mortgage credit.

The defendants, in answer to the first-named attack, set up various matters. One of these was that all the mortgage proceedings were not before the court in the present case, and hence it could not be known whether the alleged heir was duly brought into the mortgage proceeding or not. The plaintiffs contend that in their complaint they set up the absence of such heir and that the fact so set up was not sufficiently denied by the answer. The reply of the defendants is that the averment of the complaint was that the said heir was not made a party; that a summary mortgage proceeding is of such a nature that there are no parties. We are disposed to hold, as we have done in other cases, that an answer that does not deny, admits facts, but it is also true that such an answer only admits facts well pleaded and not facts that the pleader meant to set up. In other words, that the answer did not admit that a due citation or demand was not made on the said heir of Mandés. So that the defendants were left free at the trial to rely on any fact or presumption that would aid their case. We agree with

the defendants that the lack of such citation or demand was not shown. As the defendants say, such a citation or demand is not that the debtor appear in court, but that he should pay. Strictly speaking there are no parties defendant.

This was a case where the proceedings took place in 1903 when the Spanish Code of Civil Procedure was still in force. The court below held that a demand on the alleged minor heir was unnecessary and attempted to distinguish the case of *Arvelo* v. *Banco Territorial y Agrícola*, 25 P.R.R. 677. In that case we held that service of citation or demand on a widow in possession of the *patria potestas* was insufficient to affect the heirs, unless, in effect, the demand was made as such mother. In the present case we do not know how the demand was made in the mother. The court and the defendants insist that under the Spanish system a notice to a minor was an anomaly (*herejía*), and we are inclined to agree, but in any event we have not enough in the record to justify us in holding that the demand was not duly made.

It was alleged in the complaint that at the time of the mortgage proceeding Passalacqua Brothers & Co. had ceded their mortgage credit to several persons of the name of Passalacqua. The cession was subsequently sought to be rescinded or was actually so rescinded. We are satisfied from our examination of the record that at the time that the defendants or their privies bought from Passalacqua Brothers & Co. there was nothing in the registry of property to show that Passalacqua Brothers & Co. were not the owners of the mortgage credit and continued to be so. Hence, the defendants or their privies in title could validly purchase. *Torres* v. *Lothrop*, 231 U. S 171; same case, 16 P.R.R. 172. There was a record made of the cession, but this took place later.

We have the idea, besides, that the said assignees fully consented to the sale made in the name of their assignors, even if a formal rescission did not take place in time. For any practical and legal purpose, even supposing that de-

fendants knew of the cession, the mortgage sale took place in the name of the true creditors. We have not overlooked the fact, insisted upon by the defendants, that the cession was alleged to be null and void because of section 1362 of the Civil Code, inasmuch as it was a sale to members of the firm. According to plaintiffs, the cession could not be recorded for that reason.

The assignees, not obtaining a record, had no right to commence a mortgage proceeding.

Generally speaking, when a person raises a question of a lack of title of this sort, there lurks in the background the possibility of suit by the true owner. Here, however, a complete estoppel exists against all the alleged assignees, who in fact either rescinded the assignment in time or consented to the mortgage sale. If the debtors had paid Passalacqua Brothers & Co. they could not successfully be subjected to further suit.

The third assignment of error of the plaintiffs relates to the deed of ratification by the liquidators of the sale made by Passalacqua Brothers & Co. to the defendants or their privies. We are inclined to agree with defendants that the liquidators had such a right.

If, however, the mortgage proceedings were good, plaintiffs have no further interest in what happened thereafter. They were then strangers to the defendants and their relations with Passalacqua Brothers & Co. It is unnecessary to consider the other defenses of the defendants.

We come then to the appeal of the defendants. We do not find that the two excluded lots formed part of the mortgaged premises, and this was readily ascertainable from the registry. On buying from Passalacqua Brothers & Co., the defendants were bound to know and identify the land conveyed. The presumption of title arising from their possession and its continuance was destroyed by the registry. Whatever their good faith, no just title could arise in their favor. We are satisfied with the demonstration of the plain-

tiffs that the land in question was not included in the mortgage.

Defendants set up that the court had no right to reconsider the judgment. We have no question that the court may reconsider its judgment at least within the term, and thereafter in certain cases; that a motion suffices and that a motion for a new trial is not the only remedy; that a court in the interest of justice does not, when a long time has not elapsed, have to wait for a reversal.

The judgment should be affirmed.